United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br>Plaintiff,<br>v.<br>DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT,<br>Defendant. | Case No. 3:26-cv-04981-JSC<br>**ORDER RESOLVING PENDING MOTIONS**<br>Re: Dkt. No. 12, 15, 20, 27 |

Sergey Firsov, an unrepresented litigant, alleges claims for breach of the Montreal Convention, negligent infliction of emotional distress, false advertising, breach of contract, discrimination against passengers with animals, and animal abuse against Deutsche Lufthansa Aktiengesellschaft. Several motions are currently pending before the Court and set for hearing November 19, 2026. (Dkt. Nos. 12, 15, 20, 27.[1]) The Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the hearing on the pending motions, and rules as set forth below.

## BACKGROUND

Firsov is a serial plaintiff who has initiated a substantial number of similar lawsuits that were found to be frivolous. As a result, he has been declared a vexatious litigant in California state court and in this District. *See Firsov v. Scandinavian Airlines Sys. Denmark-Norway-Sweden*, No. 25-CV-03691-EMC, 2026 WL 1805737, at *1, 8 (N.D. Cal. June 23, 2026). He is subject to a pre-filing screening requirement that requires judicial approval before he may file a new lawsuit

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

against an airline in this District. *Id*. While this case is subject to many of the same concerns identified in the vexatious litigant orders, the order in this District was entered after this case was filed.

The crux of Firsov's claims in this action is that Lufthansa wrongfully required him to pay pet and baggage fees, forced him to squeeze his cat into the under-seat area injuring that cat and causing him pain and humiliation. Firsov filed a nearly identical action raising the same claims in October 2025, which was dismissed for failure to prosecute. *See Firsov v. Deutsche Lufthansa Aktiengesellschaft et al*. No. 25-9203-EJD, Dkt. No. 24 (N.D. Cal. May 12, 2026.) Two weeks later, he filed this action.

**DISCUSSION**

**A. Motion to Recover the Costs of Service**

Firsov moves to recover the costs of service of the summons. (Dkt. No. 12.) Federal Rule of Civil Procedure 4 provides that a corporation "subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). Therefore, under the Rule, a plaintiff may notify a defendant about a lawsuit brought by the plaintiff and ask the defendant to waive service of summons. *See id*. If the defendant is located in the United States and "fails, without good cause, to sign and return a waiver by a plaintiff located within the United States," then "the court must impose on the defendant," among other things, "the expenses later incurred in making service." Fed. R. Civ. P. 4(d)(2).

Firsov contends he notified Lufthansa of the summons and complaint on August 7, 2026, and requested it waive service of the summons, but Lufthansa did not respond, which forced him to effect formal service of process. (Dkt. No. 12.) He argues Lufthansa should be obligated to reimburse him $38.60 for formal service of the summons. The request is denied.

First, Rule 4(d)'s fee-shifting provision only applies to "a defendant located within the United States." Fed. R. Civ. P. 4(d)(2). Firsov has not shown this provision applies to Lufthansa, a foreign corporation with its principal place of business in Germany. (Dkt. No. 15-1, Stevens Decl. at ¶¶ 4, 7.) *See Firsov v. United Airlines, Inc.*, No. 25-CV-09746-HSG, 2026 WL 1971313, at *6 (N.D. Cal. July 8, 2026) (denying Firsov's request for fee shifting against Lufthansa finding



United States District Court
Northern District of California

plaintiff had not explained why the fee-provision applied to Lufthansa—a German corporation).

Second, Firsov has not demonstrated he complied with Rule 4(d)(1)'s procedural requirements. For example, if the defendant is a corporation, partnership, or association (as here), then notice must be given "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d)(1)(A)(ii). Firsov has provided no evidence he complied with this requirement. Likewise, the notice must inform the recipient "of the consequences of waiving and not waiving service." Fed. R. Civ. P. 4(d)(1)(D). As others in this District have found, "Firsov has not established that he complied with Rule 4(d)(1)," and accordingly, "he cannot be compensated for the formal cost of service." *Firsov v. Scandinavian Airlines of N. Am., Inc*., No. 25-cv-03691-EMC, 2025 WL 2733645, at *1 (N.D. Cal. Sept. 25, 2025).

Accordingly, Firsov's motion to recover the costs of service is DENIED.[2]

**B. Motion to Dismiss**

Lufthansa moves to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to timely serve, and failure to state a claim.

**1. Subject Matter Jurisdiction**

The Court addresses the subject matter jurisdiction argument first because "[f]ederal courts are courts of limited jurisdiction". *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994). There are two common ways to establish federal subject matter jurisdiction: (1) diversity jurisdiction, 28 U.S.C. § 1332, and (2) federal question jurisdiction, 28 U.S.C. § 1331. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Firsov contends the Court has federal question subject matter jurisdiction because he brings a claim under the Montreat Convention. (Dkt. No. 1, Complaint at 5 ("Montreal convention 1999 – delay and damage passenger/baggage/pet").)

---

[2] Firsov filed a motion to strike Lufthansa's opposition to his motion to recover costs. (Dkt. No. 20.) The basis for his motion is unclear and is DENIED.

The Montreal Convention is a multi-lateral treaty governing "all international carriage of persons, baggage or cargo performed by aircraft for reward." Convention for the Unification of Certain Rules for International Carriage by Air, art. 1(1), May 28, 1999, ICAO Doc. No. 9740 (entered into force on November 4, 2003). The Montreal Convention "provides the exclusive remedy for international passengers seeking damages against airline carriers." *Narayanan v. Brit. Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014). Airline carriers may be liable under the Montreal Convention for: (1) "Death and Injury of Passengers" (Article 17(1)); (2) loss, damage, or destruction of baggage (Article 17(2)–(3)); and (3) "delay in the carriage by air of passengers, baggage, or cargo" (Article 19). So, because Firsov alleges a claim under a United States treaty—the Montreal Convention—the Court has subject matter jurisdiction. *See* 28 U.S.C. § 1332.

Lufthansa argues the Court lacks subject matter jurisdiction because Firsov does not state a "viable" claim under the Montreal Convention. But that argument confuses failure to state a claim with a lack of subject matter jurisdiction. When a plaintiff makes a claim under a United States law or treaty, "the federal court, but for [limited] exceptions . . ., must entertain the suit." *Bell v. Hood*, 327 U.S. 678, 680-81 (1946). A federal claim supports federal question jurisdiction unless the claim is "immaterial and made solely for the purpose of obtaining jurisdiction or wholly insubstantial and frivolous." *DeFiore v. SOC LLC*, 85 F.4th 546, 559–60 (9th Cir. 2023) (cleaned up); *see also Al-Qarqani v. Chevron Corp.,* 8 F.4th 1018, 1025 (9th Cir. 2021) ("the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction, at least so long as the asserted federal claim is neither "immaterial and made solely for the purpose of obtaining jurisdiction nor wholly insubstantial and frivolous.") (cleaned up).

Lufthansa does not contend and the Court cannot find this is the rare case in which this standard is satisfied. So, the Court will address the merits of the Montreal Convention claim under the 12(b)(6) standard.

**2. Failure to State a Claim**

**a. Montreal Convention Claim**

Plaintiff alleges Lufthansa "physically damaged passenger & cat during flight from WAW to SFO." (Dkt. No. 1 at 5.) In his motion to dismiss opposition Plaintiff clarifies the injury

occurred on a flight from Warsaw to Munich on Lufthansa CityLine. (Dkt. No. 26 at 2.) Lufthansa insists Firsov's claims should be dismissed on this basis alone—it is not liable for the actions of Lufthansa Cityline (Lufthansa's now defunct subsidiary). The Court agrees.

"It is a general principle of corporate law ... that a parent corporation ... is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). Thus, "courts are reluctant to disregard the separate existence of related corporations by piercing the corporate veil, and have consistently given substantial weight to the presumption of separateness." *McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc*., 339 F.3d 1087, 1094 (9th Cir. 2003) (cleaned up). "[M]erely conclusory allegations that the parent corporation[ ] controlled, directed, authorized, or ratified the acts of the child corporation[ ]," are "insufficient to state a claim for piercing the corporate veil." *See Wolfson v. Bank of Am. Nat'l. Ass'n*., No. C17-6064 BHS, 2018 WL 6571180, at *2 (W.D. Wash. Dec. 13, 2018) (granting motion to dismiss claims against parent corporation based on seven paragraphs of "conclusory allegations" regarding control of subsidiaries). Rather, the plaintiff must allege "(1) that there is such a unity of interest and ownership between a subsidiary and its parent corporation that the separate personalities of the two do not exist; and (2) that failure to disregard the corporate form would lead to an unjust result." *See Price v. Synapse Group*, No. 16-cv-01524-BAS-BLM, 2017 WL 3131700, at *11 (S.D. Cal. July 24, 2017). The Complaint includes no allegations supporting a plausible inference Lufthansa is liable for its former subsidiary's actions and thus Firsov has not shown Lufthansa can be held liable under the Montreal Convention for Lufthansa Cityline's acts and omissions.

In his motion to dismiss opposition Firsov now argues Lufthansa should be liable under the Montreal Convention as the "last carrier" and "contracting carrier." (Dkt. No. 26 at 8.) This theory is unavailing. The Complaint alleges Firsov purchased a ticket with United Airlines. (Dkt. No. 1 at 3.) According to the itinerary attached to the Complaint, the first flight from San Francisco to Frankfurt was flown on United, the second flight from Frankfurt to Warsaw was "operated by Lufthansa," the third flight from Warsaw to Munich was "operated by Lufthansa Cityline," and the fourth flight from Munich to Los Angeles was "operated by Lufthansa." (*Id*. at 17-18.)

United States District Court
Northern District of California

Article 36 of the Montreal Convention provides in part that when carriage is performed by "successive carriers," liability is limited to the carrier that "performed the carriage during which the accident or the delay occurred, save in the case where, by express agreement, the first carrier has assumed liability for the whole journey." *Id.*, Art. 36. Applying this limitation, courts consistently hold "only the airline that actually transports the injured passenger can be held liable as 'the carrier.'" *Best v. BWIA W. Indies Airways Lt*d., 581 F. Supp. 2d 359, 362–63 (E.D.N.Y. 2008) (collecting cases). "Because it was not the carrier transporting [the plaintiff] at the time of her alleged injuries, [Lufthansa] cannot be liable for those injuries under the Montreal Convention." *Erwin-Simpson v. AirAsia Berhad*, 375 F. Supp. 3d 8, 13 (D.D.C. 2019), aff'd, 985 F.3d 883 (D.C. Cir. 2021). Based on the Complaint's allegations, and as Firsov confirmed in his opposition brief, Lufthansa Cityline was the carrier when the injury occurred, Firsov's "last carrier" liability theory fails. So, he has failed to state a claim under the Montreal Convention against Lufthansa and the claim must be dismissed.

**b. Remaining claims**

The Complaint appears to bring two additional federal claims**:** the sixth claim refers to the Air Carrier Access Act of 1986 (ACAA), 49 U.S.C. § 41705, and the seventh to the Animal Welfare Act, 7 U.S.C. § 2131. But Firsov's Complaint and motion to dismiss opposition base federal jurisdiction solely on the Montreal Convention claim. (Dkt. No. 1 at 2; Dkt. No. 26 at 4.) And for good reason. The ACAA, which prohibits discrimination against disabled passengers, does not include a private right of action. *See Stokes v. Sw. Airlines,* 887 F.3d 199, 202 (5th Cir. 2018) (holding every federal court to reach the issue has held "the ACAA's text and structure preclude a private right of action" and collecting cases). Neither does the Animal Welfare Act. *See Ing v. Am. Airlines*, No. C 06-02873 WHA, 2007 WL 420249, at *4 (N.D. Cal. Feb. 5, 2007) (citing 7 U.S.C. § 2149). So, to the extent the sixth and seventh claims purport to bring claims under federal law, they are dismissed.

Given the Complaint does not state a federal claim, federal question jurisdiction no longer exists. And there is no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332. While the diversity of citizenship requirement is met, the Complaint does not satisfy the $75,000 amount in

United States District Court
Northern District of California

controversy requirement in light of Firsov's specifically alleged damages: $849.71 for the airline ticket, $150 for the animal ticket, $173.48 for breach of contract, $5,908.56 for delay passenger, $1,423.75 for delay baggage, and $2,000 for damaged cat. (Dkt. No. 1 at 12.) The Court, in its discretion, declines to exercise supplemental jurisdiction of the remaining state law claims given the early stage of this litigation; instead, they are dismissed without prejudice.[3] *See* 28 U.S.C. §1367(c)(3).

**C. Motion to Amend**

In response to Lufthansa's motion to dismiss, Firsov moved for leave to amend his complaint to add Lufthansa CityLine GmbH as a defendant and "to clarify that the claim is brought under Article 17(2) (damage to pet as unchecked baggage) and under Article 17(1) (personal injury) of Montreal convention." (Dkt. No. 27 at 1-2.) Because Firsov sought to amend his complaint within 21 days of Defendant's motion to dismiss, he may file the amended complaint as of right. *See* Fed. R. Civ. P. 15(a)(1)(B). As for the claims against Lufthansa, the Court considered the Amended Complaint allegations in determining Firsov does not and cannot state a claim against it.

While Firsov had the right to file his Amended Complaint and add Lufthansa CityLine GmbH as a defendant, given his allegation the flight at issue was from Warsaw to Munich, and Lufthansa CityLine is a defunct German corporation, this Court likely does not have personal jurisdiction of Lufthansa City.

**CONCLUSION**

For the reasons stated above, the Court:

- DENIES Firsov's motion to recover the costs of service (Dkt. No. 12),
- DENIES Firsov's motion to strike the opposition to the costs motion (Dkt. No. 20),
- DISMISSES the federal claims (first, sixth, and seventh claims for relief) against Lufthansa with prejudice and without leave to amend (Dkt. No. 15),

---

[3] Lufthansa argued all the claims should be dismissed *with* prejudice for lack of subject matter and personal jurisdiction. But such jurisdictional dismissals are *without* prejudice. *See Missouri ex rel. Koster v. Harris,* 847 F.3d 646, 656 (9th Cir. 2017); *Grigsby v. CMI Corp*., 765 F.2d 1369, 1372 (9th Cir. 1985).

- DISMISSES the state law claims against Lufthansa without prejudice,
- GRANTS Firsov's motion to amend his complaint only as to Lufthansa CityLine. (Dkt. No. 27.) Firsov must serve the Amended Complaint on Lufthansa CityLine on or before **February 16, 2027.** Firsov is warned his failure to file proof of valid service will result in dismissal of this action against Lufthansa CityLine for a failure to serve.

The Court will enter a separate judgment pursuant to Federal Rule of Civil Procedure 54(b) in favor of Lufthansa and against Firsov on the federal question claims.

This Order disposes of Docket Nos. 12, 15, 20, 27.

**IT IS SO ORDERED.**

Dated: November 16, 2026

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States District Judge